UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HISHAM ELIAS,

        Plaintiff,                      CIVIL ACTION NO. 08-14583

     v.                                DISTRICT JUDGE ROBERT H. CLELAND

COMMISSIONER OF                MAGISTRATE JUDGE MARK A. RANDON
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

**I.    PROCEDURAL HISTORY**

    *A.    Proceedings in this Court*

On October 28, 2008, Plaintiff filed the instant suit seeking judicial review of the Commissioner's decision disallowing benefits. (Dkt. No. 1.) Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), this matter was referred to the undersigned for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for a period of disability benefits and Supplemental Security Income benefits. (Dkt. No. 3.) This matter is currently before the Court on cross-motions for summary judgment. (Dkt. Nos. 13, 16.)

    *B.    Administrative Proceedings*

Plaintiff filed the instant claims on December 14, 2005, alleging that he became unable to work on June 28, 2001. (Tr. at 54-56.) The claim was initially disapproved by the Commissioner on May 1, 2006. (Tr. at 45.) Plaintiff requested a hearing and, on May 15, 2008, Plaintiff

appeared without counsel before Administrative Law Judge (ALJ) Jerome B. Blum, who considered the case *de novo*. In a decision dated July 23, 2008, the ALJ found that Plaintiff was not disabled. (Tr. at 29.) Plaintiff requested a review of this decision on August 13, 2008. (Tr. at 10.) The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits[1] (AC-1-AC-5, Tr. at 9), the Appeals Council denied Plaintiff's request for review. (Tr. at 6-8); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

In light of the entire record in this case, I suggest that substantial evidence supports the Commissioner's determination that Plaintiff was not disabled. Accordingly, it is **RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, Defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

**II.    STATEMENT OF FACTS**

   *A.    ALJ Findings*

Plaintiff was forty-seven (47) years of age at the time of the most recent administrative hearing. (Tr. at 266.) Plaintiff's relevant work history included approximately six (6) years as a multi-spindle machine operator; a flower shop laborer; and a grocery store cashier. (Tr. at 27, 73.) The ALJ applied the five-step disability analysis to Plaintiff's claim and found at step one

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

that Plaintiff had not engaged in substantial gainful activity since March 2, 2005. (Tr. at 19.) At step two, the ALJ found that Plaintiff had the following combination of "severe" impairments: status post ligation and excision of the right thigh varicosity; history of non-insulin-requiring diabetes; hypertension; asthma; severe dysthymia; morbid obesity; major depression, recurrent severe (provisional) and with psychotic symptoms; post-traumatic stress disorder; rule out bipolar disorder; mild sleep apnea; moderate hypoxia; moderate sleep disruption; coronary artery disease; hypertension; chronic obstructive pulmonary disease; left heart catheterization; moderate disease in the left coronary system; total occlusion in the right coronary artery; hyperlipidemia; shortness of breath; fatigue; and back pain. (Tr. at 20.) At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. *Id.* At step four, the ALJ found that Plaintiff could not perform his previous work as a machine operator, flower shop laborer, or grocery store cashier. *Id.* At step five, the ALJ denied Plaintiff benefits because Plaintiff could perform a significant number of jobs available in the national economy, as Plaintiff had the residual functional capacity (RFC) to perform unskilled entry level sedentary work. (Tr. at 24-28.)

    B.    *Administrative Record*

        1.    **Plaintiff's Testimony and Statements**

Plaintiff testified that he has heart disease, high blood pressure, and diabetes. (Tr. at 269.) Additionally, he testified that he has had asthma for about five years. (Tr. at 283.) Plaintiff claimed he had back pain, and a "leg problem" stemming from varicose veins. (Tr. at 269.) Plaintiff also testified that he has carpal tunnel syndrome, with pain in his hands and wrists. (Tr. at 270.) Plaintiff stated that his weight is "very dangerous" to him; he is 6' 1" and weighs

approximately 365 pounds. He has chest pains about once a week. (Tr. at 273.) He also has frequent headaches. (Tr. at 275.) Plaintiff has experienced depression, beginning approximately in 2005. *Id*. Plaintiff has seen various medical professionals for treatment. He had a heart catheterization in October 2007. (Tr. at 271.) He takes various medications to treat his illnesses and pains. (Tr. at 274-275, 279.)

### 2. Medical Evidence

The ALJ reviewed the medical evidence produced by Plaintiff, and concluded that Plaintiff has a severe combination of impairments. (Tr. at 20.) This medical evidence consisted of the reports and treatment notes of various medical professionals. *Id*. The ALJ also took note of Plaintiff's medications, which include: Albuterol; Aspirin; Diovan; Flovent; Ibuprofen; Lexapro; Metformin; Nitroglycerin; Norvasc; Prilosec; Seroquel; and Zocor. (Tr. at 22.)

### 3. Vocational Expert

In describing Plaintiff's work history, the vocational expert (the "V.E.") testified that Plaintiff had previously worked as a multi-spindle machine operator, characterized as low-end semiskilled, medium with no transferability of the minimal skills. (Tr. at 285.) Also, Plaintiff worked as a laborer in a flower shop with work characterized as unskilled and light, and as a cashier in a grocery store with work characterized as unskilled and medium. *Id*. Lastly, Plaintiff again worked as a machine operator with a different company, with work characterized as unskilled and medium. *Id*. The ALJ posed a hypothetical question, *see infra*, to the V.E., regarding whether there were sedentary jobs in existence which could be performed by Plaintiff. The V.E. responded in the affirmative, stating that such jobs do exist in significant numbers and include: lobby attendant, identification/badge checker, and gate tender. (Tr. at 287.) The V.E.

further testified that there are over 200,000 such jobs in the United States, and around 14,000 of them in Michigan, half of which are in southeast Michigan. *Id.*

### C. *Parties' Arguments*

#### 1. **Plaintiff's Claims of Error**

Plaintiff makes four specific assignments of error: (1) the ALJ's decision is not based on substantial evidence; (2) the ALJ failed to properly assess Plaintiff's pain, limitations, and credibility; (3) the ALJ did not properly apply the doctrine of *res judicata* to the prior administrative denial of benefits; and (4) the ALJ failed to pose complete and accurate hypothetical questions to the vocational expert.

#### 2. **Commissioner's Counter-Motion for Summary Judgment**

In a counter-motion for summary judgment, the Commissioner argues that (1) the ALJ has rendered a final decision on this matter and has filed with this Court the administrative record upon which that decision is based; and (2) the administrative record demonstrates that his decision is supported by substantial evidence.

## III. DISCUSSION

### A. *Standard of Review*

In enacting the Social Security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this

administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may...consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based

solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting, Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g).  Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only.  *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight.  *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record.  *Kornecky v. Comm'r of Soc. Sec.*, 167

Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006)

### B.     Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits' programs under the Act, including the Disability Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381 *et seq*.). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, that "significantly limits...physical or mental ability to do basic work activities," benefits are denied without further analysis.

> Step Three: If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

    C.    *Analysis and Conclusions*

The ALJ determined that Plaintiff possessed the residual functional capacity to return to a limited range of sedentary work. (Tr. at 24.)

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. 404.1567(a) (1991).

Plaintiff argues that substantial evidence fails to support the findings of the Commissioner. As noted earlier, if the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

**1. Whether the ALJ's Decision Is Based on Substantial Evidence**

Plaintiff alleges that the ALJ "failed to give proper weight to the opinions and assessments" of Plaintiff's treating psychiatric expert. (Pl.'s Brief at 13.) Numerous Sixth Circuit decisions suggest that an administrative law judge must provide good reasons for the weight given a treating source's opinion. *Nelson v. Comm'r of Soc. Sec.*, 195 Fed. Appx. 462, 469 (6th Cir. 2006); *see Wilson v. Comm'r of Soc.. Sec.*, 378 F.3d 541 (6th Cir. 2004); *Hall v. Comm'r of Soc. Sec.*, 148 Fed. Appx. 456 (6th Cir. 2005). A treating source opinion is given controlling weight "if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques *and is not inconsistent with the other substantial evidence in the case record*." *Nelson*, 195 Fed. Appx. at 469 [emphasis added].

In *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004), the Sixth Circuit reversed a denial of benefits even though "substantial evidence otherwise supports the decision of the Commissioner," because the ALJ failed to give good reasons for discounting the opinion of the claimant's treating physician. *Wilson*, 378 F.3d at 543-546. However, in *Nelson*, the Sixth Circuit affirmed a district court's upholding of the Commissioner's decision to deny benefits despite the fact that the ALJ did not explain the weight he gave to two of the claimant's treating sources. 195 Fed. Appx. at 463. The ALJ in that case had indirectly attacked the supportability of the treating sources' opinions and their consistency with the rest of the record evidence, doing so by noting conflicting opinions of other medical personnel. *Id*. at 470-472.

Plaintiff here argues that the ALJ failed to give proper weight to the Global Assessment of Functioning (GAF)[2] score of 40 assigned by Dr. Hemachandra, asserting that his activities, limitations, and abilities as described in the record are consistent with this GAF score. (Pl.'s Brief at 14.) However, it is clear that the ALJ carefully considered the testimony of Dr. Hemachandra, and that the ALJ's determinations were based on substantial evidence in the record. In particular, the ALJ's decision to give little weight to Dr. Hemachandra's assigned GAF of 40 is supported by numerous facts. Namely, Plaintiff's mental impairment improved with

---

[2]The GAF score is "a subjective determination that represents the clinician's judgment of the individual's overall level of functioning. It ranges from 100 (superior functioning) to 1 (persistent danger of severely hurting self or others, persistent inability to maintain minimal personal hygiene, or serious suicidal act with clear expectation of death). A GAF score of 31-40 indicates some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) or major impairment in several areas such as work or school, family relations, judgment, thinking or mood. A GAF of 41 to 50 means that the patient has serious symptoms . . . OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job). A GAF rating of 51 to 60 signals the existence of moderate difficulty in social or occupational functioning." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 276 (6th Cir. 2009).

treatment and medication, (Tr. at 22), and he is not markedly limited in any way because of his mental condition. (Tr. at 23-24.) In addition, the ALJ noted that GAFs from 51 to 60 were assigned to Plaintiff between May 2004 and May 2005, and that these scores were more demonstrative of Plaintiff's conditions than were the GAFs of 40. (Tr. at 22.) In supporting this assertion, the ALJ noted that Plaintiff is only moderately restricted in the areas of daily living and social functioning. He speaks Arabic and Chaldean in addition to English. (Tr. at 23.) Citing a psychiatric evaluation, the ALJ noted that with regard to concentration, persistence or pace, Plaintiff has only moderate difficulties. (Tr. at 23.) Thus, substantial evidence suggests that the GAFs of 40 do not merit great weight.

Even aside from the weight given to the particular GAF scores, a GAF score may help an ALJ assess mental residual functional capacity, but it is not raw medical data. *Kennedy v. Astrue*, 247 Fed. Appx. 761, 766 (6th Cir. 2007). Furthermore, the Commissioner "has declined to endorse the [GAF] score for 'use in the Social Security and SSI disability programs,' and has indicated that [GAF] scores have no 'direct correlation to the severity requirements of the mental disorders listings.'" *Id.*, quoting *DeBoard v. Comm'r of Soc. Sec.,* 211 Fed. Appx. 411 (6th Cir. 2006).

As noted supra, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this court would decide the matter differently. *Kinsella*, 708 F.2d at 1059. The ALJ's decision to give little weight to Dr. Hemachandra's assigned GAFs of 40 is supported by conflicting substantial evidence in the records, as is the ALJ's decision that Plaintiff is not disabled. Thus, ALJ's decision should be upheld with regard to the substantial evidence factor.

**2. Whether the ALJ Applied the Proper Legal Standards**

Pursuant to 20 C.F.R. § 404.1520, the Commissioner uses a five-step sequential analysis to evaluate disability claims. In this instance, the ALJ used such a five-step analysis to determine that Plaintiff is not entitled to benefits. At step one, the ALJ determined that Plaintiff was not engaging in substantial gainful activity and had not done so since March 2, 2005. (Tr. at 19.) At step two, the ALJ determined that Plaintiff had a severe combination of impairments. These impairments include *inter alia* morbid obesity, asthma, major depression, non-insulin-requiring diabetes, hypertension, coronary artery disease, shortness of breath, and back pain. (Tr. at 20-22.) At step three, it was determined that Plaintiff's combination of impairments did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 22-24.) At step four, the ALJ found that Plaintiff is unable to perform any past relevant work (*e.g.*, machine operator, flower store laborer), but has the residual functional capacity to perform unskilled entry-level sedentary work as defined in 20 C.F.R. § 404.1567(a). (Tr. at 24-27.) Lastly, at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. at 27.) Such jobs include work as a lobby attendant or as a badge checker. (Tr. at 28.)

The ALJ's opinion demonstrates that the five-step sequential analysis prescribed under 20 C.F.R. § 404.1520 was followed in this case. The ALJ made the necessary determinations on the basis of substantial evidence in the record. The opinions of Plaintiff's treating sources were not disregarded by the ALJ, nor did the ALJ substitute his own "expertise" for that of Plaintiff's treating sources. Rather, the ALJ gave appropriate weight to such opinions and to other evidence in the record. For these reasons, the ALJ's decision should remain undisturbed.

### 3. Plaintiff's Remaining Assignments of Error

#### a. Plaintiff's Pain, Limitations, and Credibility

Plaintiff argues that the ALJ "ignored the opinions and assessments of the treating physician and state agency psychiatrist." (Pl.'s Brief at 13.) The record demonstrates that this is not the case. As noted *supra*, the ALJ considered the opinions of Dr. Hemachandra and decided not to give them great weight in light of substantial evidence in the record. (Tr. at 22-24.) The ALJ also considered the opinions of the state agency psychiatric examiner, deciding not to give them great weight given that Plaintiff testified after the examiner's testimony. (Tr. at 25-26.) Given the examiner's conclusion that Plaintiff suffers from only moderate (and not marked) limitations, (Tr. at 25-26), the state agency psychiatric examiner's testimony is of little help to Plaintiff, regardless of the weight assigned to it by the ALJ. Plaintiff does not otherwise demonstrate how the ALJ's findings on this matter were erroneous, and thus these findings should remain undisturbed.

#### b. The ALJ's Application of Res Judicata

If an applicant for disability benefits is dissatisfied with a determination or decision made in the administrative review process, but does not request further review within the stated time period, the applicant loses his or her right to further review and the determination or decision becomes final. 20 C.F.R. § 404.987(a). Plaintiff did not appeal the prior unfavorable decision of his previous claim made on August 27, 2004. (Tr. at 17.) Thus, the decision became binding. Plaintiff did not specifically request a reopening of this decision. The ALJ's application of res judicata was correct.

### c. The ALJ's Hypothetical Question to the Vocational Expert

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only if the question accurately portrays a claimant's individual physical and mental impairments. *See Varley v. Sec. of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). An ALJ's hypothetical, if supported by the record, need not reflect a claimant's unsubstantiated complaints. *Blacha v. Sec. of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). The ALJ posed the following hypothetical question to the vocational expert:

> Assuming he can't go back to his former work for a number of reasons, his asthma, his inability to work in someplace with medium to heavy industrial pollution, his inability to stand more than an hour or so, and his carpal tunnel which would limit him to somewhere between one and ten pounds, could you identify any type of sedentary work that exists in a relatively clean environment that would be unskilled?

(Tr. at 286.) The V.E. responded in the affirmative, noting that such jobs (*e.g.*, lobby attendant) exist in significant numbers in the national economy, including 14,000 in Michigan. (Tr. at 286-288.)

Regarding this hypothetical question, Plaintiff argues that certain restrictions and limitations were improperly omitted. Namely, Plaintiff states that the ALJ did not include: any limitations or restrictions with regard to pain and numbness from carpal tunnel syndrome; Plaintiff's need to elevate his lower extremities; and the limitations noted by Dr. Hemachandra and in the Mental Residual Functional Capacity Assessment. (Pl.'s Brief at 18-19.) However, the record demonstrates that the ALJ did properly account for any and all such needs and limitations. Plaintiff's claim of pain and numbness stemming from carpal tunnel syndrome is unsubstantiated

in the record and thus need not be reflected in the hypothetical. *Blacha*, 927 F.2d at 931. In asking the hypothetical question, the ALJ noted Plaintiff's asthma and sensitivity to industrial pollution. (Tr. at 286.It was also noted that Plaintiff is limited to lifting a maximum of ten pounds because of his carpal tunnel syndrome. *Id*. This position is supported by the conclusions of Demetrio Nasol, M.D., in the completed Physical Residual Capacity Assessment. (Tr. at 132-139.) Dr. Nasol found that Plaintiff could frequently lift ten pounds or less. (Tr. at 133.) Lastly, Dr. Hemachandra concluded that Plaintiff was not markedly limited in any of the categories in the completed Mental Residual Functional Capacity Assessment. (Tr. at 130-131.) Thus, the ALJ properly omitted any limitations found by Dr. Hemachandra in the MRFCA.

In sum, after review of the record, it appears that the decision of the ALJ, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decision makers may go either way without interference from the courts," *Felisky*, 35 F.3d at 1035, as the decision is supported by substantial evidence. The ALJ's decisions regarding the weight of certain evidence and of Plaintiff's non-disabled status are supported by substantial evidence in the record. Further, the ALJ employed the proper legal standards in making these determinations. For these reasons, the decision of the ALJ (and ultimately the decision of the Commissioner) should be affirmed.

### III.   RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, Defendant's motion for summary judgment be **GRANTED**, and the decision of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508 (6th Cir. 1991); <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                              S/Mark A. Randon  
                                              MARK A. RANDON  
                                              UNITED STATES MAGISTRATE JUDGE

Dated:  October 26, 2009

Certificate of Service

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, October 26, 2009, by electronic and/or ordinary mail.

                                              s/Melody R. Miles  
                                              Case Manager to Magistrate Judge Mark A. Randon